IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| MICHAEL SEWELL AND TANYA SEWELL, INDIVIDUALLY AND AS NEXT FRIENDS OF T.D.M. AND C.M.S., MINORS, *Plaintiffs,* | §§§§§§ | |
| v. | § | CIVIL ACTION NO.: 4:20-CV-01033-O |
| | § | |
| CONTINENTAL EXPRESS, INC., CONTINENTAL EXPRESS TRAILER LEASING, LTD. AND AGRANA FRUIT US, INC. *Defendants.* | §§§§§ | |

## DEFENDANT CONTINENTAL EXPRESS, INC.'S BRIEF IN SUPPORT OF ITS MOTION FOR RECONSIDERATION OF ORDER DISMISSING WITHOUT PREJUDICE

COMES NOW Defendant Continental Express, Inc. ("CEI") and files this Brief in Support of its Motion for Reconsideration of the Court's previous order dismissing this case without prejudice, and, for such, would show unto the Court as follows:

### I.
### INTRODUCTION

On February 5, 2021, while CEI's motion for summary judgment was pending, the Court dismissed the Plaintiffs' case without prejudice on the request of Plaintiffs' counsel. Because CEI is entitled to a dismissal *with* prejudice, or, alternatively, a dismissal without prejudice but with certain qualifications, CEI now moves the Court for reconsideration.

## TABLE OF CONTENTS

**INTRODUCTION** ............................................................................................... 1

**TABLE OF CONTENTS** ...................................................................................... 2

**TABLE OF AUTHORITIES** ................................................................................. 3

**PERTINENT FACTUAL AND PROCEDURAL BACKGROUND** ........................................... 4

**ARGUMENTS & AUTHORITIES** .......................................................................... 5

**CONCLUSION & PRAYER** ................................................................................ 10

<u>TABLE OF AUTHORITIES</u>

**Cases**

*Bobo v. Christus Health*, 277 F.R.D. 479 (E.D. Tex. 2001) ....................................................... 6, 8

*Diallo v. Celestica Corp.*, No. 3:10-CV-1513-M-BH, 2013 WL 4525728 (N.D. Tex. Aug. 23, 2013) ................................................................................................................................. 9

*Elbaor v. Tripath Imaging, Inc.*, 279 F.3d 314 (5th Cir. 2002) ..................................................... 4

*Express Working Capital, LLC v. Starving Students, Inc.*, 2014 WL 11515730 (N.D. Tex. Mar. 24, 2014) ................................................................................................................................. 9

*Greyhound Lines, Inc. v. Younan Properties, Inc.*, No. 3:07-CV-2111-O, 2008 WL 2340219 (N.D. Tex. June 9, 2008) ....................................................................................................... 7

*McCauley v. Kroger Co.*, 2020 WL 2065634 (N.D. Tex. Apr. 29, 2020) ...................................... 4

*McElroy v. HSBC Bank USA, N.A.*, No. 4:17-CV-806, 2018 WL 3912838 (E.D. Tex. Aug. 16, 2018) .............................................................................................................................. 5, 8

*Oxford v. Williams Companies, Inc.*, 154 F.Supp. 2d 942 (E.D. Tex. 2005) ............................ 5, 8

*Williams v. Caliber Home Loans*, No. 3:15-CV-2346-N-BH, 2016 WL 8715661 (N.D. Tex. Nov. 7, 2016) ................................................................................................................................. 6

**Rules**

Fᴇᴅ. R. Cɪᴠ. P. 41(a)(2) ................................................................................................................ 4

L.R. 7.1(e) .................................................................................................................................... 7

## II.
### PERTINENT FACTUAL AND PROCEDURAL BACKGROUND

This lawsuit arises out of an August 21, 2018 single vehicle tractor-trailer accident that occurred in Spanish Fork, Utah.  As alleged in Plaintiffs' Original Petition, Patrick Morlan (hereinafter "Morlan") was killed while driving a tractor-trailer in the course and scope of his employment with CEI.  *See* **Dkt. 5-1**.  Less than a week later, Morlan's on-the-job fatality was reported to the Ohio Bureau of Workers' Compensation ("OBWC").  *See* **Dkt. 11-2.**  To date, Morlan's surviving spouse has, apparently, yet to pursue the available workers' compensation benefits.

Plaintiffs filed this lawsuit in state court alleging that CEI and a related entity, Continental Express Trailer Leasing, LTD. ("CETL"), were negligent in various respects and asserted wrongful death and survival claims against CEI.  *See* **Dkt. 5-1.** CEI filed its motion for summary judgment on January 6, 2021, asserting that all of Plaintiffs' claims against it are barred by the exclusive remedy provisions of both Texas and Ohio's workers' compensation law.  *See* **Dkt. 11.**  Instead of filing a response, Plaintiffs' filed a motion to dismiss their claims against CEI and CETL on February 3, 2021.  *See* **Dkt. 13.**  The Court then issued an order granting Plaintiffs' motion to dismiss without prejudice and denying CEI's motion for summary judgment as moot.  *See* **Dkt. 14.**

CEI now files this its motion for reconsideration and respectfully submits that CEI has and will suffer plain legal prejudice as a result of the unconditional dismissal of Plaintiffs' claims against it.  Specifically, CEI expended significant resources in preparing and submitting its motion for summary judgment on the legal bar to Plaintiffs' claims.  *See* Aff. of G. Brown (Ex. "A"). Moreover, Plaintiffs' failed to file a response to CEI's motion for summary judgment within the time allotted by the Local Rules of the Northern District of Texas and, in any event, have sought

a dismissal of their claims against CEI in an apparent effort to avoid an imminent adverse ruling on the merits. *See* L.R. 7.1(e). Case law from the Northern District of Texas supports a denial of Plaintiffs' Rule 41(a)(2) motion to dismiss under these circumstances. *See McCauley v. Kroger Co.*, 2020 WL 2065634, at *1 (N.D. Tex. Apr. 29, 2020) (Fitzwater, J.) ("[O]utright dismissals should be refused . . . when a plaintiff seeks to circumvent an expected adverse result.") Accordingly, CEI respectfully requests the Court to withdraw its order dismissing Plaintiffs' claims against it without prejudice, enter a new order denying Plaintiffs' motion to dismiss without prejudice, and rule on the pending Motion for Summary Judgment, entering an order that Plaintiffs' claims against CEI be dismissed with prejudice.[1]

### III.
### ARGUMENTS & AUTHORITIES

#### A.      *Federal Rule of Civil Procedure 41(a)(2)*

Federal Rule of Civil Procedure 41(a) instructs that a plaintiff may voluntarily dismiss an action without a court order if it does so before an opposing party serves either an answer or a motion for summary judgment. Where, as here, an opposing party has done both, a plaintiff must obtain a court order allowing the dismissal under Federal Rule of Civil Procedure 41(a)(2). When faced with a Rule 41(a)(2) motion, the district court must first ask whether an unconditional dismissal will cause the non-movant to suffer plain legal prejudice. *Elbaor v. Tripath Imaging, Inc.*, 279 F.3d 314, 317 (5th Cir. 2002). If the district court determines the non-movant will not be prejudiced, the motion should be granted. *Id.* If, however, the district court concludes that

---

[1] The claims against CETL, while without merit, were not a subject of a pending motion for summary judgment (as a non-employer of the Decedent, CETL did not have standing to seek summary judgment on the exclusive remedy defense). Accordingly, CETL does not seek reconsideration of the dismissal of the claims against CETL without prejudice.

granting the motion unconditionally will cause legal prejudice, it has two options: (1) it can deny the motion outright; or (2) it can craft conditions to cure the prejudice. *Id.* at 318.

### B.      CEI is prejudiced by an unconditional dismissal.

In evaluating the first part of the Rule 41(a)(2) test, courts have defined legal prejudice as "prejudice to some legal interest, some legal claim, [or] some legal argument." *McElroy v. HSBC Bank USA, N.A.*, No. 4:17-CV-806, 2018 WL 3912838 at, *2 (E.D. Tex. Aug. 16, 2018). Courts in the Fifth Circuit have considered the following factors, among others, in determining whether legal prejudice exists: (1) the defendant's effort and the expense involved in preparing for trial; (2) excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action; (3) insufficient explanation of the need to take a dismissal; and, as most relevant here, (4) the fact that a motion for summary judgment has been filed by the defendant. *Id.* (citing *Elbaor*, 279 F.3d at n.3).

As to the first factor—the defendant's effort and the expense involved in preparing for trial—CEI acknowledges that this is still in its early stages. Nevertheless, CEI has expended significant time and incurred significant expenses in preparing its motion for summary judgment arguing the exclusive remedy provision of both Texas and Ohio workers' compensation law bars Plaintiffs' claims altogether. Indeed, CEI's motion for summary judgment was not a run-of-the-mill motion. ***See* Dkt. 11.** In that respect, CEI's motion involved a complex choice of law analysis that required research and briefing of the exclusive remedy defense under both Texas and Ohio law. ***See* Dkt. 11;** *see also Oxford v. Williams Companies, Inc.*, 154 F.Supp. 2d 942, 952 (E.D. Tex. 2005) (acknowledging that preparing a motion for summary judgment is a "large investment of research and cost."). In doing so, CEI incurred attorneys' fees and paralegal fees in the defense of this lawsuit, including fees associated with the preparation of its motion for summary judgment, in an amount totaling $16,802.00 *See* Aff. of G. Brown (Ex. "A"). For these reasons, the first

factor weighs in favor of finding that CEI is prejudiced by granting Plaintiffs' motion to dismiss without prejudice.

As to the second and third factors—whether there was excessive delay in prosecuting the action and the reason provided for the dismissal—CEI acknowledges that this action has been on file a relatively short period of time.  Nevertheless, the parties have already made their initial disclosures, filed a joint status report and were involved in written discovery.  ***See* Dkt. 9.** Moreover, CEI has – at every step along the way – asserted that Plaintiffs' claims are barred by the exclusive remedy doctrine under both Texas and Ohio's workers' compensation laws, including in its original answer, its initial disclosures and in the joint status report.  ***See* Dkts. 5-1, 9.**  Despite this, Plaintiffs' waited to file their motion to dismiss until more than five months after initiating this suit in state court on August 18, 2020, and did so only after CEI filed its motion for summary judgment on January 6, 2021.  ***See* Dkts. 5-1, 11, and 13.**   Moreover, Plaintiffs' have provided no explanation as to why they sought a dismissal of CEI without prejudice. *See Williams v. Caliber Home Loans*, No. 3:15-CV-2346-N-BH, 2016 WL 8715661, at *3 (N.D. Tex. Nov. 7, 2016) (Ramirez, M.J.) ("The absence of a satisfactory explanation for why a dismissal should be without prejudice has been identified in numerous cases as an important factor bearing on the court's decision whether to grant a motion to dismiss.").  In that respect, Plaintiffs' generally stated they seek a dismissal of their causes of action against CEI and CETL.  ***See* Dkt. 13**.  As mentioned – and as discussed in more detail in the subsequent paragraph – Plaintiffs' waited to seek a dismissal until *after* CEI filed its motion for summary judgment.  *See Bobo v. Christus Health*, 277 F.R.D. 479, 481 (E.D. Tex. 2001) ("The Plaintiff's motion is particularly suspect considering it was filed one day after the defendants moved for judgment on the pleadings.").  The timing of Plaintiffs' motion for dismissal at a minimum strongly suggests they seek to avoid an adverse

ruling on the merits. For these reasons, the third factor weighs in favor of finding that CEI will be prejudiced by granting Plaintiff's motion to dismiss.

As to the fourth factor—whether the defendant had filed a motion for summary judgment— CEI filed its motion for summary judgment on January 6, 2021. *See* **Dkt. 11.** Under Local Rule 7.1(e), Plaintiffs had until January 27, 2021 to file a response. *See* L.R. 7.1(e). After failing to file a response in the time allotted, the Court issued an order on February 1, 2021 noting Plaintiffs' failure to file a response and requiring that Plaintiffs file a response (if any at all) by February 3, 2021. *See* **Dkt. 12.** Thus, the Court was certainly making a concerted effort to ensure Plaintiffs had ample opportunity to state their positions in response to the motion. Instead of a filing a response to CEI's motion for summary judgment, however, Plaintiffs' filed their motion to dismiss at 5:20 p.m. on February 3, 2021. *See* **Dkt. 13.** Clearly, Plaintiffs' last minute request for a dismissal without prejudice is an effort to avoid an imminent adverse ruling on the merits (as to the claims against CEI). *See Greyhound Lines, Inc. v. Younan Properties, Inc.*, No. 3:07-CV-2111-O, 2008 WL 2340219, at *2 (N.D. Tex. June 9, 2008) (O'Connor, J.) (outright denial of a motion to dismiss may be appropriate where the defendant demonstrates "that dismissal will preclude the court from deciding a pending case or claim-dispositive motion[.]").

On balance, the four factors weigh in favor of finding that CEI has and will suffer legal prejudice by the Court's dismissal of Plaintiffs' claims without prejudice, particularly because the minor Plaintiffs' claims are not barred, at this point, by the statute of limitations, and may thus, in theory, be refiled at some point in the future.

Plaintiffs' claims against CEI are barred by the exclusive remedy provision of both Texas and Ohio's workers' compensation law whether they are asserted today or at any time in the future. The handwriting was on the wall, in this regard, well before CEI filed its motion for summary

judgment.     By allowing Plaintiffs' to unconditionally dismiss their claims against CEI without prejudice at the last possible second, CEI's efforts and expenditures with respect to its request for an adjudication on the merits was for naught.  For all these reasons, the Court should either: (1) deny Plaintiffs' motion outright, and rule on the pending Motion for Summary Judgment; or (2) impose conditions on the dismissal to cure the prejudice to CEI.

**C.**     ***The Court should deny Plaintiffs' motion to dismiss outright.***

As established in the preceding section, CEI has and will suffer legal prejudice by the dismissal of Plaintiffs' claims against it without prejudice.  Accordingly, CEI respectfully submits to the Court that an outright denial of Plaintiffs' motion to dismiss is appropriate because the previous granting of the motion has precluded the Court from deciding CEI's motion for summary judgment.  *See Oxford*, 154 F.Supp. 2d at 951 (denying a Rule 41(a)(2) motion to dismiss because the defendant's motion for summary judgment was currently pending before the Court); *Bobo*, 227 F.R.D. at 481–82 (same); *McElroy*, No. 4:17-CV-806, 2018 WL 3912838 at, *2 (same). Moreover, outright dismissal without prejudice should be refused when a plaintiff seeks to circumvent an expected adverse result.  *Bobo*, 227 F.R.D. at 481.   To dismiss Plaintiffs' claims against CEI at this stage would prejudice CEI's preparations in light of its dispositive motion – "[t]his alone warrants denial of the Rule 41(a)(2) motion."  *Oxford*, 154 F.Supp. 2d at 951.

Accordingly, CEI respectfully requests the Court: (1) withdraw its prior order dismissing Plaintiffs' claims without prejudice; (2) enter a new order denying Plaintiffs' Rule 41(a)(2) motion to dismiss; and (3) rule on the pending Motion for Summary Judgment.

**D.**     ***In the alternative, the Court should conditionally grant Plaintiffs' motion to dismiss.***

If the Court, in its discretion, determines an outright denial of the motion to dismiss without prejudice is not appropriate under the circumstances, CEI respectfully requests the Court to conditionally grant Plaintiffs' motion to dismiss.  *See Express Working Capital, LLC v. Starving*

*Students, Inc.*, 2014 WL 11515730, at *1 (N.D. Tex. Mar. 24, 2014) (O'Connor, J.) ("A district court may also place conditions on a voluntary dismissal to prevent unfair prejudice to the other side in the case.").  Curative conditions prevent unfair prejudice to the other side and include, as an option, dismissal *with* prejudice.  *Diallo v. Celestica Corp.*, No. 3:10-CV-1513-M-BH, 2013 WL 4525728, at *3 (N.D. Tex. Aug. 23, 2013) (Lynn, J.).  In that regard, CEI requests the Court impose conditions to cure the prejudice to CEI in allowing Plaintiffs' to voluntarily dismiss their claims at this stage of the case without prejudice.  More specifically, and in the alternative to CEI's preferred relief of a denial of Plaintiffs' motion to dismiss without prejudice and a ruling on CEI's pending motion for summary judgment, CEI requests that the Court dismiss Plaintiffs' claims against it *on the condition* that Plaintiffs' be required to pay CEI's attorneys' fees, incurred to date in the present action, prior to refiling their suit at some point in the future.  *See Express Working Capital*, *LLC* 2014 WL 11515730, at *2 (O'Connor, J.) (granting a Rule 41(a)(2) motion to dismiss without prejudice on the condition that the plaintiff be required to pay the defendants' attorneys fees before the plaintiff may re-file the lawsuit).

## IV.
### CONCLUSION & PRAYER

WHEREFORE, PREMISES CONSIDERED, CEI respectfully requests the Court to withdraw its prior order dismissing Plaintiffs' claims without prejudice; to enter a new order denying Plaintiffs' Rule 41(a)(2) motion to dismiss without prejudice; to rule on CEI's pending motion for summary judgment (to which Plaintiffs have not responded), granting said motion; or, alternatively, to enter an order of dismissal without prejudice that imposes the requested conditions on the refiling of Plaintiffs' lawsuit; and for any and other further relief the Court deems appropriate under the circumstances.

Respectfully submitted,

**GERMER BEAMAN & BROWN, P.L.L.C.**
One Barton Skyway
1501 S. Mopac Expy, Suite A400
Austin, Texas 78746
(512) 472-0288 Telephone
(512) 472-9260 Facsimile

By: _____
    Gregg R. Brown
    State Bar No. 03129010
    grb-svc@germer-austin.com
    Austin L. Jones
    State Bar No. 24116579
    ajones@germer-austin.com

**ATTORNEYS FOR DEFENDANT
CONTINENTAL EXPRESS, INC.**

11

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| MICHAEL SEWELL AND TANYA SEWELL, INDIVIDUALLY AND AS NEXT FRIENDS OF T.D.M. AND C.M.S., MINORS,<br>  *Plaintiffs,*<br><br>v.<br><br>CONTINENTAL EXPRESS, INC., CONTINENTAL EXPRESS TRAILER LEASING, LTD. AND AGRANA FRUIT US, INC.<br>  *Defendants.* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | <br><br><br><br><br>CIVIL ACTION NO.: 4:20-CV-01033-O |

## AFFIDAVIT OF GREGG R. BROWN

**STATE OF TEXAS**     §
                                        §
**COUNTY OF TRAVIS**   §

Before me, the undersigned notary, on this day personally appeared Gregg R. Brown, the affiant, whose identity is known to me. After I administered an oath, affiant testified as follows:

1. "My name is Gregg R. Brown. I am over 18 years of age, of sound mind and capable of making this affidavit. The facts stated in this affidavit are within my personal knowledge and are true and correct.

2. "I am an attorney licensed to practice in the State of Texas. I have been so licensed since November 1987.

3. "Continental Express, Inc. ("CEI") and Continental Express Trailer Leasing, Ltd. ("CETL") retained me and my firm to represent them in this lawsuit filed by certain surviving family members of Patrick Morlan, who died on or about August 21, 2018 as a result of a single vehicle accident in Utah. I have personal knowledge of the work performed in representing CEI and CETL.

4. "I have practiced continuously in the State of Texas since November 1987. I am board certified in personal injury litigation. I am currently a principal of Germer Beaman & Brown PLLC in Austin; a position I have held since 1998. Prior to that, I was a partner in the law firm of Brown McCarroll (f/k/a Brown Maroney & Oaks Hartline) in Austin for several years, and prior to that was an associate at Orgain, Bell & Tucker in Beaumont, Texas. Although I have a varied practice, during my 33 plus years of practice, I have focused primarily on defending companies

1

and individuals sued in personal injury and wrongful death litigation in venues throughout the State of Texas, though I practice in other states as well.

5. "It was necessary for CEI and CETL to retain an attorney to defend them in this lawsuit with my level of experience and knowledge. Further, during the defense of CEI and CETL, it was necessary for me to involve an associate attorney, Austin Jones, and a paralegal, Ben Martin, in order to most efficiently represent my clients, and to ensure the work was performed in as cost-effective a manner as reasonably possible.

6. Austin Jones is a graduate of Pepperdine School of Law who has been licensed in the State of Texas since 2019 (he is now licensed in California, as well). Ben Martin and Sarah Schoultz, my paralegals, are qualified by their education, experience and training to perform the services required, have knowledge of the legal system, principles and procedures involved, were supervised by an attorney, performed tasks that are traditionally/performed by an attorney, and performed services that were reasonable and necessary.

7. Additional information concerning my background, and that of my associate, Mr. Jones, can be found at germer.com. All of the information on the firm's website regarding our backgrounds and experience is true and correct.

8. CEI and CETL agreed to compensate me for my work at an hourly rate of $275/hour. Additionally, they agreed to compensate me for my associate's work at an hourly rate of $200/hour, and for my paralegals' work at an hourly rate of $125/hour. This fee is equivalent to what is customarily charged for similar legal services both in Central Texas and in the Dallas-Fort Worth area.

9. In connection with CEI's motion for reconsideration of the dismissal of the claims against it without prejudice, I reviewed invoices prepared by this firm's accounting department and sent to CEI for the services performed and expenses incurred during this litigation. For purposes of this affidavit, I included only time billed after the date suit was filed by Plaintiffs (there was some additional time billed on the matter early on, prior to the filing of suit, but none of that time, and none of those fees and expenses, are included here). In that respect, I personally spent 29.1 total hours defending this suit by: (1) investigating the claims; (2) corresponding with opposing counsel; (3) drafting and/or reviewing and editing pleadings (including CEI's motion for summary judgment) and disclosures; (4) reviewing case law/conducting legal research related to key legal principles and defenses (under both Texas and Ohio law); and (5) communicating with the clients. My associate, Austin Jones, spent 39.0 total hours defending this suit by: (1) drafting pleadings and written discovery disclosures; and (2) conducting legal research regarding key legal principles and defenses (under both Texas and Ohio law). A substantial portion of the work involved research regarding the law of Texas and Ohio related to the exclusive remedy doctrine and employees who were injured and/or who died while in the course and scope of employment with an employer that had workers' compensation insurance coverage, and the extension of that exclusive remedy doctrine to companies, like CEI, who had "leased" the employee from a separate entity. My paralegal, Ben Martin, performed certain essential functions during the litigation, including reviewing documents, conducting certain online research, and assembling and organizing documents. In total, Mr. Martin billed 7.1 hours of paralegal time, and Sarah Schoultz billed .9 hours of paralegal time on this file.

2

10. Based on our fee agreement, CEI incurred attorney fees of $15,802.50 and paralegal fees of $999.50. Together, the attorney and paralegal fees total $16,802.00. Additionally, reasonable and necessary expenses in the amount of $292.50 were charged to CEI. In my opinion, those fees and the expenses charged were reasonable and necessary.

11. In calculating the amount of reasonable and necessary attorney and paralegal fees, and expenses, it was not possible to distinguish between services performed for CEI from those performed for CETL. CEI and CETL are related entities. The work performed on behalf of CETL was essentially the same as the work performed on behalf of CEI. For example, the companies filed joint answers and made joint disclosures, and all of my communications with my clients' contact, other than those specifically concerning CEI's exclusive remedy defense and CEI's motion for summary judgment, were for the benefit of both Defendants. Stated alternatively, all of the work that was performed by this firm that was not specifically related to CEI's exclusive remedy defense and its motion for summary judgment was also performed for the benefit of CETL.

12. The fees charged in this case are customarily charged in this area and in the Dallas-Fort Worth area for the same or similar services for an attorney with my experience, reputation and ability, considering the nature of the claims and the amount potentially in controversy, the time limitations imposed and considering the result obtained.

13. True and correct copies of this firm's invoices, with privileged information redacted, are attached as Exhibit 'A' to this affidavit."

Further Affiant sayeth naught.

Gregg R. Brown

Subscribed and sworn before me by Gregg R. Brown on February 23, 2021.

Notary Public in and for the State of Texas

My Commission Expires: 10/19/21

**BEN MARTIN**
Notary Public, State of Texas
Comm. Expires 10/19/2021
Notary ID 12540369-6

3

# EXHIBIT A

# Germer PLLC

P. O. Box 4915
Beaumont, Texas 77704
409-654-6700
Tax ID# 76-0445148

Invoice No.
674613

09/17/2020

Continental Express, Inc.
Attn: Kiera M. Sullivan
10450 State Route 47 W.
Sidney, OH  45365

REMIT TO:   Germer PLLC
P.O. Box 4915
Beaumont, Texas 77704

RE: Michael Sewell and Tanya Sewell Individually anf of T.D.M. and  (CONEXP-97612)
C.M.S. v. Contintental Express Inc., et al;
Cause No. 236-318755-20; filed in the _____ Court of Tarrant
County, TX
N/A

Invoice for Professional Services rendered through:  08/31/2020

As per Time Exhibit Attached                                                                  $220.00

Total Invoice                                                                                            $220.00

Total Amount Due                                                                                     $220.00

Time Exhibit

| | | | | | | |
|---|---|---|---|---|---|---|
| Re: Morlan, Patrick (Estate of) v. Continental Express, Inc. - NOT IN | | | | | Invoice No. | |
| Invoice for services rendered through:  08/31/2020 | | | | | 674613 | |

| Date | Emp | Services | Hours | Rate | Amount |
|---|---|---|---|---|---|
| 08/24/2020 | GRB | Telephone conference with clients regarding | 0.80 | 275.00 | 220.00 |
| | | . | | | |
| | | Total Fees: | | | 220.00 |

Invoice No. 674613

| ID | Name | Personnel Type | Hours | Rate | Amount |
|----|------|----------------|-------|------|--------|
| GRB | Brown, Gregg R | Principal | 0.80 | $275.00 | 220.00 |
| | | | 0.80 /hrs | | $220.00 |

# Germer PLLC

P. O. Box 4915
Beaumont, Texas 77704
409-654-6700
Tax ID# 76-0445148

Invoice No.
676893

10/20/2020

Continental Express, Inc.
Attn: Kiera M. Sullivan
10450 State Route 47 W.
Sidney, OH  45365

REMIT TO:   Germer PLLC
P.O. Box 4915
Beaumont, Texas 77704

RE: Michael Sewell and Tanya Sewell Individually anf of T.D.M. and  (CONEXP-97612)
C.M.S. v. Contintental Express Inc., et al;
Cause No. 236-318755-20; filed in the ____ Court of Tarrant
County, TX
N/A

Invoice for Professional Services rendered through:  09/30/2020

As per Time Exhibit Attached                                                        $4,557.50

Total Invoice                                                                              $4,557.50

Total Amount Due                                                                       $4,557.50

Time Exhibit

| Re: Morlan, Patrick (Estate of) v. Continental Express, Inc. - NOT IN | Invoice No. |
|---|---|
| Invoice for services rendered through:  09/30/2020 | 676893 |

| Date | Emp | Services | Hours | Rate | Amount |
|---|---|---|---|---|---|
| 09/03/2020 | GRB | Correspondence to Plaintiffs' counsel regarding pending workers' compensation claim. | 0.10 | 275.00 | 27.50 |
| 09/03/2020 | GRB | Correspondence to K. Sullivan regarding | 0.10 | 275.00 | 27.50 |
| 09/04/2020 | GRB | Correspondence to Plaintiffs' counsel regarding pending workers' compensation claim. | 0.10 | 275.00 | 27.50 |
| 09/04/2020 | GRB | Correspondence to Plaintiffs' counsel regarding pending workers' compensation claim. | 0.10 | 275.00 | 27.50 |
| 09/08/2020 | BM | Exchange correspondence with K. Sullivan regarding | 0.20 | 125.00 | 25.00 |
| 09/08/2020 | GRB | Correspondence to K. Sullivan regarding | 0.20 | 275.00 | 55.00 |
| 09/09/2020 | AJ | Conduct legal research into Texas case law governing the exclusive remedy provision of the Texas Workers' Compensation Act and factors courts consider when deciding choice of law issues in the the context of workers' compensation law, and summarize findings of same. | 2.50 | 200.00 | 500.00 |
| 09/09/2020 | AJ | Conduct legal research into Ohio case law governing the exclusive remedy provision of Ohio workers' compensation law, and summarize findings of same. | 2.00 | 200.00 | 400.00 |
| 09/10/2020 | BM | Prepare for and participate in conference call with R. Gottemoeller and K. Sullivan regarding | 0.70 | 125.00 | 87.50 |
| 09/10/2020 | GRB | Review Plaintiff's petition and corporate organization chart in preparation for call with K. Sullivan and R. Gottemoeller. | 0.30 | 275.00 | 82.50 |
| 09/10/2020 | GRB | Telephone conference with /K. Sullivan and R. Gottemoeller regarding | 0.60 | 275.00 | 165.00 |
| 09/11/2020 | AJ | Review and analyze Plaintiffs' Original Petition for purpose of drafting Continental Express, Inc. and Continental Express Trailer Leasing, Ltd.'s Original Answer to same. | 0.50 | 200.00 | 100.00 |
| 09/11/2020 | AJ | Prepare Continental Express, Inc. and Continental Express Trailer Leasing, Ltd.'s Original Answer to Plaintiffs' Original Petition. | 0.50 | 200.00 | 100.00 |
| 09/11/2020 | AJ | Review and analyze Plaintiffs' Original Petition for purpose of drafting CEI and CE Trailer's Notice of Removal based on diversity jurisdiction. | 0.30 | 200.00 | 60.00 |

Time Exhibit

Re: Morlan, Patrick (Estate of) v. Continental Express, Inc. - NOT IN          Invoice No.
Invoice for services rendered through:  09/30/2020                                      676893

| Date | Emp | Services | Hours | Rate | Amount |
|------|-----|----------|-------|------|--------|
| 09/11/2020 | AJ | Prepare CEI and CE Trailer's Notice of Removal, specifically on the basis of diversity jurisdiction under 28 U.S.C. section 1332. | 1.50 | 200.00 | 300.00 |
| 09/11/2020 | GRB | Review and edit proposed original answer of Continental Express entities. | 0.30 | 275.00 | 82.50 |
| 09/11/2020 | GRB | Correspondence to K. Sullivan regarding . | 0.10 | 275.00 | 27.50 |
| 09/14/2020 | AJ | Review and analyze Defendant Agrana's Original Answer. | 0.20 | 200.00 | 40.00 |
| 09/14/2020 | AJ | Phone conference with counsel for Agrana to discuss removal of suit to the U.S. District Court for the Northern District of Texas, Fort Worth Division. | 0.20 | 200.00 | 40.00 |
| 09/14/2020 | GRB | Receipt and review of  original answer of Agrana Fruit. | 0.10 | 275.00 | 27.50 |
| 09/14/2020 | GRB | Correspondence to K. Sullivan | 0.10 | 275.00 | 27.50 |
| 09/15/2020 | GRB | Review and edit proposed notice of removal | 0.30 | 275.00 | 82.50 |
| 09/15/2020 | GRB | Receipt and review of correspondence from K. Sullivan regarding . | 0.10 | 275.00 | 27.50 |
| 09/15/2020 | GRB | Review recent Fifth Circuit case regarding transfer of venue pursuant to 28 U.S.C. 1404 (a). | 0.30 | 275.00 | 82.50 |
| 09/15/2020 | GRB | Correspondence to K. Sullivan regarding Fifth Circuit case regarding . | 0.20 | 275.00 | 55.00 |
| 09/15/2020 | GRB | Review and edit proposed notice of removal. | 0.30 | 275.00 | 82.50 |
| 09/16/2020 | AJ | Phone call with counsel for Agrana to discuss , removal, and transfer of venue. | 0.20 | 200.00 | 40.00 |
| 09/16/2020 | AJ | Draft a notice of removal to the state court. | 0.20 | 200.00 | 40.00 |
| 09/16/2020 | GRB | Correspondence to K. Sullivan regarding | 0.10 | 275.00 | 27.50 |
| 09/17/2020 | BM | Research on Tarrant County District Clerk's website for file stamped copies of previously filed documents for use with removal. | 0.80 | 125.00 | 100.00 |
| 09/17/2020 | BM | Review and supplement Defendants' notice of removal. | 0.50 | 125.00 | 62.50 |
| 09/17/2020 | BM | Prepare civil cover sheet and supplemental civil cover sheet. | 0.80 | 125.00 | 100.00 |
| 09/17/2020 | BM | Prepare draft of Defendants' certificate of interested parties. | 0.30 | 125.00 | 37.50 |
| 09/17/2020 | BM | Prepare exhibits to notice of removal for filing. | 0.40 | 125.00 | 50.00 |
| 09/17/2020 | GRB | Receipt and review of notice of assignment of court. | 0.10 | 275.00 | 27.50 |
| 09/17/2020 | GRB | Correspondence to K. Sullivan regarding | 0.10 | 275.00 | 27.50 |

Time Exhibit

Re: Morlan, Patrick (Estate of) v. Continental Express, Inc. - NOT IN      Invoice No.

Invoice for services rendered through:  09/30/2020      676893

| Date | Emp | Services | Hours | Rate | Amount |
|------|-----|----------|-------|------|--------|
| 09/21/2020 | AJ | Review and analyze the Court's order regarding CEI and CET's notice of removal and order requiring first amended notice of removal. | 0.50 | 200.00 | 100.00 |
| 09/21/2020 | AJ | Prepare CEI and CET's first amended notice of removal, specifically drafting section on diversity of citizenship for purposes of removal jurisdiction. | 0.70 | 200.00 | 140.00 |
| 09/21/2020 | BM | Receive and review order requesting amended notice of removal. | 0.10 | 125.00 | 12.50 |
| 09/21/2020 | GRB | Receipt and review of order from Court requesting additional jurisdictional information. | 0.20 | 275.00 | 55.00 |
| 09/21/2020 | GRB | Review corporate organizational chart . | 0.20 | 275.00 | 55.00 |
| 09/21/2020 | GRB | Correspondence to K. Sullivan regarding | 0.10 | 275.00 | 27.50 |
| 09/21/2020 | GRB | Receipt and review of Morlan's personnel file and discovery documents from K. Sullivan. | 0.30 | 275.00 | 82.50 |
| 09/22/2020 | GRB | Review and edit proposed amended notice of removal. | 0.30 | 275.00 | 82.50 |
| 09/23/2020 | AJ | Review and analyze the Court's order regarding the Rule 26(f) scheduling conference and joint discovery plan. | 0.40 | 200.00 | 80.00 |
| 09/23/2020 | BM | Receive and review order requiring scheduling conference and report for contents of scheduling order. | 0.10 | 125.00 | 12.50 |
| 09/24/2020 | AJ | Various correspondence with opposing counsel to discuss the Rule 26(f) conference. | 0.20 | 200.00 | 40.00 |
| 09/24/2020 | AJ | Correspond with opposing counsel to discuss the Rule 26(f) conference. | 0.10 | 200.00 | 20.00 |
| 09/24/2020 | GRB | Receipt and review of  Court's initial pre-trial order. | 0.20 | 275.00 | 55.00 |
| 09/24/2020 | GRB | Correspondence to K. Sullivan | 0.10 | 275.00 | 27.50 |
| 09/25/2020 | AJ | Phone call with opposing counsel to discuss litigation strategy, the Rule 26(f) conference, and the Rule 26(f) report. | 0.20 | 200.00 | 40.00 |
| 09/25/2020 | BM | Exchange correspondence with all counsel regarding scheduling conference. | 0.20 | 125.00 | 25.00 |
| 09/25/2020 | GRB | Receipt and review of correspondence from Plaintiff's counsel regarding initial Rule 26 conference. | 0.10 | 275.00 | 27.50 |
| 09/29/2020 | BM | Exchange correspondence with all counsel regarding rule 26 conference. | 0.20 | 125.00 | 25.00 |
| 09/30/2020 | BM | Review court's order regarding scheduling conference, and prepare proposed schedule. | 0.30 | 125.00 | 37.50 |
| 09/30/2020 | BM | Participate in conference with all counsel regarding | 0.80 | 125.00 | 100.00 |
| 09/30/2020 | GRB | Review Court's initial order regarding required content of initial status conference and report to Court. | 0.50 | 275.00 | 137.50 |

Time Exhibit

Re: Morlan, Patrick (Estate of) v. Continental Express, Inc. - NOT IN         Invoice No.
Invoice for services rendered through:  09/30/2020                              676893

| Date | Emp | Services | Hours | Rate | Amount |
|------|-----|----------|-------|------|--------|
| 09/30/2020 | GRB | Participate in scheduling conference call with all counsel. | 0.70 | 275.00 | 192.50 |
| 09/30/2020 | GRB | Correspondence to K. Sullivan regarding | 0.40 | 275.00 | 110.00 |

Total Fees:                    4,557.50

Invoice No. 676893

| ID | Name | Personnel Type | Hours | Rate | Amount |
|----|------|----------------|-------|------|--------|
| AJ | Jones, Austin | Associate | 10.20 | $200.00 | 2,040.00 |
| BM | Martin, Ben | Paralegal | 5.40 | $125.00 | 675.00 |
| GRB | Brown, Gregg R | Principal | 6.70 | $275.00 | 1,842.50 |
| | | | 22.30 /hrs | | $4,557.50 |

P. O. Box 4915
Beaumont, Texas 77704
409-654-6700
Tax ID# 76-0445148

**Invoice No.**
682467

11/12/2020


Continental Express, Inc.
Attn: Kiera M. Sullivan
10450 State Route 47 W.
Sidney, OH  45365


REMIT TO:  Germer PLLC
                    P.O. Box 4915
                    Beaumont, Texas 77704

RE: Michael Sewell and Tanya Sewell Individually anf of T.D.M. and  (CONEXP-97612)
      C.M.S. v. Contintental Express Inc., et al;
      Cause No. 236-318755-20; filed in the _____ Court of Tarrant
      County, TX
      N/A


| | |
|---|---|
| Invoice for Professional Services rendered through:  10/31/2020 | |
| As per Time Exhibit Attached | $2,965.00 |
| Total Costs (as shown below) | $46.14 |
| **Total Invoice** | **$3,011.14** |
| **Total Amount Due** | **$3,011.14** |

| Costs Through | 10/31/2020 | |
|---|---|---|
| 10/09/2020 | File & ServeXpress LLC-TX2009006372201 | 46.14 |
| | September 2020 E-Filing | |
| | **Total Expenses** | **46.14** |

**Time Exhibit**

Re: Morlan, Patrick (Estate of) v. Continental Express, Inc. - NOT IN          **Invoice No.**
Invoice for services rendered through:  10/31/2020                                        682467

| Date | Emp | Services | Hours | Rate | Amount |
|------|-----|----------|-------|------|--------|
| 10/01/2020 | GRB | Receipt and review of Morlan's completed agreement regarding choice of Ohio law. | 0.10 | 275.00 | 27.50 |
| 10/01/2020 | GRB | Correspondence to K. Sullivan regarding | 0.10 | 275.00 | 27.50 |
| 10/04/2020 | GRB | Prepare first draft of Rule 26 report to Court. | 1.20 | 275.00 | 330.00 |
| 10/04/2020 | GRB | Correspondence to K. Sullivan regarding | 0.10 | 275.00 | 27.50 |
| 10/05/2020 | BM | Receive and review correspondence from K. Sullivan | 0.10 | 125.00 | 12.50 |
| 10/05/2020 | GRB | Receipt and review of correspondence from K. Sullivan regarding | 0.20 | 275.00 | 55.00 |
| 10/05/2020 | GRB | Correspondence to K. Sullivan regarding | 0.10 | 275.00 | 27.50 |
| 10/05/2020 | GRB | Correspondence to all counsel regarding draft Rule 26 report. | 0.10 | 275.00 | 27.50 |
| 10/09/2020 | BM | Receive and review correspondence from K. Sullivan | 0.10 | 125.00 | 12.50 |
| 10/14/2020 | AJ | Conduct legal research into Texas case law governing the enforceability of a choice-of-law clause with respect to workers' compensation claims, and summarize findings of same. | 2.10 | 200.00 | 420.00 |
| 10/14/2020 | GRB | Receipt and review of correspondence from K. Sullivan regarding | 0.20 | 275.00 | 55.00 |
| 10/14/2020 | GRB | Conduct legal research regarding choice of law and contributory negligence issues. | 1.20 | 275.00 | 330.00 |
| 10/14/2020 | GRB | Correspondence to K. Sullivan regarding legal research regarding | 0.40 | 275.00 | 110.00 |
| 10/15/2020 | GRB | Receipt and review of correspondence  from K. Sullivan regarding | 0.20 | 275.00 | 55.00 |
| 10/15/2020 | GRB | Correspondence to K. Sullivan regarding | 0.30 | 275.00 | 82.50 |
| 10/15/2020 | GRB | Review choice of law form signed by Decedent. | 0.10 | 275.00 | 27.50 |
| 10/15/2020 | GRB | Correspondence to Plaintiffs' counsel regarding review choice of law form signed by Decedent . | 0.10 | 275.00 | 27.50 |
| 10/15/2020 | GRB | Receipt and review of  memorandum from A. Jones regarding choice of law issues in context of workers' compensation law (with attached case law). | 0.40 | 275.00 | 110.00 |

Time Exhibit

Re: Morlan, Patrick (Estate of) v. Continental Express, Inc. - NOT IN

Invoice for services rendered through: 10/31/2020

**Invoice No.**

682467

| Date | Emp | Services | Hours | Rate | Amount |
|------|-----|----------|-------|------|--------|
| 10/15/2020 | GRB | Correspondence to K. Sullivan regarding | 0.10 | 275.00 | 27.50 |
| 10/19/2020 | AJ | Prepare Continental Express, Inc. and Continental Express Trailer Leasing, Ltd.'s initial disclosures. | 1.40 | 200.00 | 280.00 |
| 10/19/2020 | AJ | Review and analyze employment documents, crash report, and internal accident report for purpose of drafting CEI and CETL's initial disclosures. | 0.40 | 200.00 | 80.00 |
| 10/19/2020 | GRB | Review and continue preparation of Continental Defendants' Initial Disclosures. | 0.40 | 275.00 | 110.00 |
| 10/19/2020 | GRB | Correspondence to K. Sullivan regarding | 0.10 | 275.00 | 27.50 |
| 10/19/2020 | GRB | Correspondence to Plaintiff's counsel regarding status of joint status report additions and changes. | 0.10 | 275.00 | 27.50 |
| 10/19/2020 | GRB | Correspondence to K. Sullivan regarding | 0.10 | 275.00 | 27.50 |
| 10/20/2020 | BM | Receive and review Plaintiff's proposed changes to joint status report. | 0.10 | 125.00 | 12.50 |
| 10/20/2020 | GRB | Receipt and review of correspondence from K. Sullivan regarding | 0.10 | 275.00 | 27.50 |
| 10/20/2020 | GRB | Receipt and review of  Plaintiffs' changes to draft Rule 26 report. | 0.20 | 275.00 | 55.00 |
| 10/20/2020 | GRB | Make additional change to Rule 26 report concerning denials of Plaintiffs' claims. | 0.20 | 275.00 | 55.00 |
| 10/20/2020 | GRB | Correspondence to K. Sullivan regarding | 0.10 | 275.00 | 27.50 |
| 10/20/2020 | GRB | Correspondence to Plaintiff's counsel regarding proposed changes to Rule 26 report. | 0.20 | 275.00 | 55.00 |
| 10/21/2020 | BM | Review and supplement Continental Express' initial disclosures. | 0.10 | 125.00 | 12.50 |
| 10/21/2020 | BM | Review and supplement joint status report. | 0.20 | 125.00 | 25.00 |
| 10/21/2020 | BM | Exchange correspondence with all counsel regarding final draft of joint status report. | 0.20 | 125.00 | 25.00 |
| 10/21/2020 | BM | Receive and review Agrana Fruit's initial disclosures. | 0.10 | 125.00 | 12.50 |
| 10/21/2020 | GRB | Receipt and review of correspondence from Plaintiffs' counsel regarding Joint Rule 26 Report. | 0.10 | 275.00 | 27.50 |
| 10/21/2020 | GRB | Correspondence to all counsel regarding final version of Joint Rule 26 Report. | 0.10 | 275.00 | 27.50 |
| 10/22/2020 | BM | Prepare open records request to Utah Department of Public Safety for all records pertaining to subject accident. | 0.20 | 125.00 | 25.00 |
| 10/22/2020 | GRB | Receipt and review of scheduling order from Court. | 0.20 | 275.00 | 55.00 |

**Time Exhibit**
Re: Morlan, Patrick (Estate of) v. Continental Express, Inc. - NOT IN
Invoice for services rendered through:  10/31/2020

**Invoice No.**
682467

| Date | Emp | Services | Hours | Rate | Amount |
|------|-----|----------|-------|------|--------|
| 10/22/2020 | GRB | Review accident-related investigative materials in file. | 0.40 | 275.00 | 110.00 |
| 10/22/2020 | GRB | Correspondence to K. Sullivan regarding | 0.20 | 275.00 | 55.00 |
| 10/23/2020 | BM | Receive and review Plaintiff's rule 26 initial disclosures. | 0.10 | 125.00 | 12.50 |
| | | **Total Fees:** | | | **2,965.00** |

**Time Allocation Exhibit**

Invoice No.
682467

| ID | Name | Personnel Type | Hours | Rate | Amount |
|----|------|----------------|-------|------|--------|
| AJ | Jones, Austin | Associate | 3.90 | $200.00 | 780.00 |
| BM | Martin, Ben | Paralegal | 1.20 | $125.00 | 150.00 |
| GRB | Brown, Gregg R | Principal | 7.40 | $275.00 | 2,035.00 |
| | | | **12.50 /hrs** | | **$2,965.00** |

| Order ID: | 46173127 | Filed Date: | 9/11/2020 | Accepted Date: | 9/17/2020 | Status: | accepted |
|---|---|---|---|---|---|---|---|
| Filing Type: | File and Serve | | | | | | |
| Filed by: | Vicki Kurhajec | | | | | | |
| Jurisdiction: | Nueces County - 28th District Court | | | | | | |
| Case: | 2020DCV-2963-A. Brenda Owensvs.The Home Depot, Inc,The Home Depot U.S.A,Sedgwick Claims Management Services, Inc, et al | | | | | | |
| Client Matter: | 102703 | | | | | | |
| Document(s): | Defendant Home Depot U.S.A., Inc.'s Original Answer | | | | | | |

| | Filing Fee | eService Fee | Sales Tax | Court Fee | Service Fee | Convenience Fee | Total Fees |
|---|---|---|---|---|---|---|---|
| 46173127 Total | $2.24 | $0.00 | $0.18 | $40.00 | $0.00 | $1.23 | $43.65 |

| Order ID: | 46188106 | Filed Date: | 9/14/2020 | Accepted Date: | 9/14/2020 | Status: | accepted |
|---|---|---|---|---|---|---|---|
| Filing Type: | File and Serve | | | | | | |
| Filed by: | Vicki Kurhajec | | | | | | |
| Jurisdiction: | Hays County - 428th District Court | | | | | | |
| Case: | 20-0845. MYKELL EPPS VS. JOSEPH REGO AND KARA SILKETT | | | | | | |
| Client Matter: | 102711 | | | | | | |
| Document(s): | Defendant Renters Warehouse Texas, LLC's Original Answer | | | | | | |

| | Filing Fee | eService Fee | Sales Tax | Court Fee | Service Fee | Convenience Fee | Total Fees |
|---|---|---|---|---|---|---|---|
| 46188106 Total | $2.24 | $0.00 | $0.18 | $40.00 | $0.00 | $1.23 | $43.65 |

| Order ID: | 46191613 | Filed Date: | 9/14/2020 | Accepted Date: | 9/14/2020 | Status: | accepted |
|---|---|---|---|---|---|---|---|
| Filing Type: | File and Serve | | | | | | |
| Filed by: | Vicki Kurhajec | | | | | | |
| Jurisdiction: | Tarrant County - 236th District Court | | | | | | |
| Case: | 236-318455-20. MICHAEL SEWELL VS. THE CONTINENTAL EXPRESS INC | | | | | | |
| Client Matter: | 97612 | | | | | | |
| Document(s): | Defendants Continental Express, Inc. and Continental Express Trailer Leasing, Ltd.'s Original Answer to Plaintiff's Original Petition | | | | | | |

| | Filing Fee | eService Fee | Sales Tax | Court Fee | Service Fee | Convenience Fee | Total Fees |
|---|---|---|---|---|---|---|---|
| 46191613 Total | $2.24 | $0.00 | $0.18 | $40.00 | $0.00 | $1.23 | $43.65 |

| Order ID: | 46330673 | **Filed Date:** | 9/17/2020 | **Accepted Date:** | 9/17/2020 | **Status:** | accepted |
|---|---|---|---|---|---|---|---|
| Filing Type: | File and Serve | | | | | | |
| Filed by: | Vicki Kurhajec | | | | | | |
| Jurisdiction: | Harris County - 215th Civil District Court | | | | | | |
| Case: | 202010018. STERDAN, KIMBERLY v KOLACHE FACTORY INC | | | | | | |
| Client Matter: | 101072 | | | | | | |
| Document(s): | Defendant Kolache Factory Management, LLC's First Amended Answer | | | | | | |

| | | **Filing Fee** | **eService Fee** | **Sales Tax** | **Court Fee** | **Service Fee** | **Convenience Fee** | **Total Fees** |
|---|---|---|---|---|---|---|---|---|
| | 46330673 Total | $2.24 | $0.00 | $0.18 | $0.00 | $0.00 | $0.07 | $2.49 |

| Order ID: | 46349380 | **Filed Date:** | 9/17/2020 | **Accepted Date:** | 9/18/2020 | **Status:** | accepted |
|---|---|---|---|---|---|---|---|
| Filing Type: | File and Serve | | | | | | |
| Filed by: | Vicki Kurhajec | | | | | | |
| Jurisdiction: | Tarrant County - 236th District Court | | | | | | |
| Case: | 236-318755-20. MICHAEL SEWELL VS. THE CONTINENTAL EXPRESS INC | | | | | | |
| Client Matter: | 97612 | | | | | | |
| Document(s): | Notice of Filing of Removal to State Court | | | | | | |

| | | **Filing Fee** | **eService Fee** | **Sales Tax** | **Court Fee** | **Service Fee** | **Convenience Fee** | **Total Fees** |
|---|---|---|---|---|---|---|---|---|
| | 46349380 Total | $2.24 | $0.00 | $0.18 | $0.00 | $0.00 | $0.07 | $2.49 |

| Order ID: | 46381301 | **Filed Date:** | 9/18/2020 | **Accepted Date:** | 9/18/2020 | **Status:** | accepted |
|---|---|---|---|---|---|---|---|
| Filing Type: | File and Serve | | | | | | |
| Filed by: | Vicki Kurhajec | | | | | | |
| Jurisdiction: | Cameron County - 357th District Court | | | | | | |
| Case: | 2018-DCL-06176. Brownsville Independent School District vs. Roth Construction, Inc | | | | | | |
| Client Matter: | 99908 | | | | | | |
| Document(s): | Defendant Australian Courtworks, Inc.'s Notice of Change of Address | | | | | | |

| | | **Filing Fee** | **eService Fee** | **Sales Tax** | **Court Fee** | **Service Fee** | **Convenience Fee** | **Total Fees** |
|---|---|---|---|---|---|---|---|---|
| | 46381301 Total | $2.24 | $0.00 | $0.18 | $0.00 | $0.00 | $0.07 | $2.49 |

P. O. Box 4915
Beaumont, Texas 77704
409-654-6700
Tax ID# 76-0445148

**Invoice No.**
685855

12/10/2020

Continental Express, Inc.
Attn: Kiera M. Sullivan
10450 State Route 47 W.
Sidney, OH  45365

REMIT TO:   Germer PLLC
P.O. Box 4915
Beaumont, Texas 77704

RE: Michael Sewell and Tanya Sewell Individually anf of T.D.M. and   (CONEXP-97612)
C.M.S. v. Contintental Express Inc., et al;
Cause No. 236-318755-20; filed in the _____ Court of Tarrant
County, TX
N/A

Invoice for Professional Services rendered through:  11/30/2020
As per Time Exhibit Attached                                                        $4,292.50
Total Costs (as shown below)                                                         $32.10

**Total Invoice**                                                                **$4,324.60**

**Total Amount Due**                                                             **$4,324.60**

Costs Through     11/30/2020
11/01/2020        West Payment Center-843312849                             32.10
                  October 2020 Westlaw Charges

                                            **Total Expenses**              **32.10**

**Time Exhibit**

Re: Morlan, Patrick (Estate of) v. Continental Express, Inc. - NOT IN
Invoice for services rendered through: 11/30/2020

**Invoice No.**
685855

| Date | Emp | Services | Hours | Rate | Amount |
|------|-----|----------|-------|------|--------|
| 11/04/2020 | SZS | Review and analyze docket control order, calculate various additional deadlines pursuant to the Texas Rules of Civil Procedure, and update comprehensive case status chart and trial setting chart to reflect same. | 0.90 | 125.00 | 112.50 |
| 11/17/2020 | AJ | Begin preparing CEI's motion for summary judgment as to all of Plaintiffs' claims against it under the workers' compensation exclusivity doctrine. | 3.00 | 200.00 | 600.00 |
| 11/18/2020 | AJ | Continue preparing CEI's motion for summary judgment under the exclusive remedy provision of the Ohio workers' compensation act, specifically drafting section analyzing the choice-of-law issue between Texas and Ohio and the result of an application of either Texas or Ohio law. | 8.50 | 200.00 | 1,700.00 |
| 11/18/2020 | AJ | Conduct legal research into (1) Fifth Circuit case law governing Texas' choice of law rules with respect to out-of-state workers' compensation programs, (2) Texas case law governing the exclusive remedy provision of the Texas Workers' Compensation Act; and (3) Ohio case law governing the exclusive remedy provision of the Ohio Workers' Compensation Act, for purpose of drafting CEI's motion for summary judgment. | 1.50 | 200.00 | 300.00 |
| 11/20/2020 | AJ | Continue drafting CEI's motion for summary judgment, specifically reviewing and editing section discussing the most significant relationship test under the Texas choice of law rules. | 0.80 | 200.00 | 160.00 |
| 11/20/2020 | GRB | Review case law regarding choice of law provisions and Restatement (Second) of Conflicts analysis. | 2.50 | 275.00 | 687.50 |
| 11/20/2020 | GRB | Continue preparation of motion for summary judgment (workers' compensation  immunity/exclusive remedy defense). | 1.50 | 275.00 | 412.50 |
| 11/30/2020 | AJ | Review and analyze P. Morlan's employment documents for purpose of evaluating CEI and CETL's ability to assert the exclusive remedy bar under the Ohio Workers' Compensation Act, and summarize findings of same. | 0.50 | 200.00 | 100.00 |
| 11/30/2020 | GRB | Receipt and review of  K. Sullivan's redlines to proposed draft motion for summary judgment. | 0.40 | 275.00 | 110.00 |
| 11/30/2020 | GRB | Review various documents related to Morlan's relationship with CEI. | 0.30 | 275.00 | 82.50 |
| 11/30/2020 | GRB | Correspondence to K. Sullivan regarding | 0.10 | 275.00 | 27.50 |

Total Fees: 4,292.50

Time Allocation Exhibit

Invoice No.
685855

| ID | Name | Personnel Type | Hours | Rate | Amount |
|----|------|----------------|-------|------|--------|
| AJ | Jones, Austin | Associate | 14.30 | $200.00 | 2,860.00 |
| GRB | Brown, Gregg R | Principal | 4.80 | $275.00 | 1,320.00 |
| SZS | Shoultz, Sarah M. | Paralegal | 0.90 | $125.00 | 112.50 |
| | | | **20.00 /hrs** | | **$4,292.50** |

```
       2            8,631.62 USD      176.13 USD      176.13 USD
Totals for Client 97044                                             18,069
      20            7,834.54 USD      159.86 USD      159.86 USD
Totals for Client 97361                                                610
       1              356.39 USD        7.27 USD        7.27 USD
Totals for Client 97444                                                        1
                       0.00 USD        0.00 USD        0.00 USD
Totals for Client 97612                                                       31
                   1,573.00 USD       32.10 USD       32.10 USD
Totals for Client 97626                                                      190
                  11,298.00 USD      230.54 USD      230.54 USD
Totals for Client 97821                                              6,562
       3            1,611.09 USD       32.87 USD       32.87 USD
Totals for Client 97939                                              4,845         2
       2            3,786.65 USD       77.27 USD       77.27 USD
Totals for Client 98426                                                      176
                   7,509.00 USD      153.22 USD      153.22 USD
Totals for Client 98659                                                       55
                   3,289.00 USD       67.11 USD       67.11 USD
Totals for Client 98669                                                       64
                   2,608.00 USD       53.22 USD       53.22 USD
Totals for Client 98669 CWH                                        106,146
      18           46,863.20 USD      956.25 USD      956.25 USD
Totals for Client 98731                                                       32
                       0.00 USD        0.00 USD        0.00 USD
Totals for Client 98732                                                       44
                     572.00 USD       11.67 USD       11.67 USD
Totals for Client 98764                                              1,062
       9              545.64 USD       11.13 USD       11.13 USD
Totals for Client 98765                                                       30
                   2,075.00 USD       42.34 USD       42.34 USD
Totals for Client 98918                                                       20
                     338.00 USD        6.90 USD        6.90 USD
Totals for Client 99240                                                  5        5
                     215.42 USD        4.40 USD        4.40 USD
Totals for Client 99358 - SANDOVAL                                   6,387
                   6,096.84 USD      124.41 USD      124.41 USD
Totals for Client 99386 - BOSTICK                                    5,652
       2            3,331.28 USD       67.98 USD       67.98 USD
Totals for Client 99394                                                        4
                       0.00 USD        0.00 USD        0.00 USD
Totals for Client 99932                                             29,970
      20           14,626.20 USD      298.45 USD      298.45 USD
Totals for Client 99960 RAMIREZ                                     24,861
       2            8,374.07 USD      170.87 USD      170.87 USD
Totals for Account 1000238703                                      733,580    1,825
     200          430,997.17 USD    8,794.55 USD    8,794.55 USD


Account 1000780497
```

**Germer PLLC**

P. O. Box 4915
Beaumont, Texas 77704
409-654-6700
Tax ID# 76-0445148

Invoice No.
688048

01/14/2021

Continental Express, Inc.
Attn: Kiera M. Sullivan
10450 State Route 47 W.
Sidney, OH  45365

REMIT TO:   Germer PLLC
P.O. Box 4915
Beaumont, Texas 77704

RE: Michael Sewell and Tanya Sewell Individually anf of T.D.M. and  (CONEXP-97612)
C.M.S. v. Contintental Express Inc., et al;
Cause No. 236-318755-20; filed in the _____ Court of Tarrant
County, TX
N/A

Invoice for Professional Services rendered through:  12/31/2020

| | |
|---|---|
| As per Time Exhibit Attached | $2,865.00 |
| Total Costs (as shown below) | $72.24 |
| Total Invoice | $2,937.24 |
| Total Amount Due | $2,937.24 |

Costs Through   12/31/2020

| | | |
|---|---|---|
| 12/01/2020 | West Payment Center-843491710 | 72.24 |
| | November 2020 Westlaw Charges | |
| | Total Expenses | 72.24 |

Time Exhibit

| | Re: Morlan, Patrick (Estate of) v. Continental Express, Inc. - NOT IN | Invoice No. |
|---|---|---|
| | Invoice for services rendered through: 12/31/2020 | 688048 |

| Date | Emp | Services | Hours | Rate | Amount |
|---|---|---|---|---|---|
| 12/03/2020 | AJ | Prepare for and participate in Zoom call with K. Sullivan to discuss | 0.80 | 200.00 | 160.00 |
| 12/03/2020 | GRB | Review K. Sullivan's comments to previous draft of MSJ in preparation for Zoom call with K. Sullivan. | 0.40 | 275.00 | 110.00 |
| 12/03/2020 | GRB | Review Root decision from Ohio Court of Appeals re potential applicability of workers' compensation immunity to claims against CEI and CETL. | 0.40 | 275.00 | 110.00 |
| 12/03/2020 | GRB | Participate in conference call with K. Sullivan and A. Jones | 0.60 | 275.00 | 165.00 |
| 12/03/2020 | GRB | Revise draft motion for summary judgment to incorporate K. Sullivan's comments and content of Zoom discussion. | 0.60 | 275.00 | 165.00 |
| 12/07/2020 | AJ | Review and analyze the employment lease agreement between CEI and CESI for purpose of drafting CEI's motion for summary judgment. | 0.30 | 200.00 | 60.00 |
| 12/15/2020 | AJ | Continue drafting CEI's motion for summary judgment on the exclusive remedy doctrine under Ohio and Texas workers' compensation law. | 0.80 | 200.00 | 160.00 |
| 12/16/2020 | AJ | Review and revise CEI's motion for summary judgment on its affirmative defense of the exclusive remedy doctrine under Ohio's Workers' Compensation Act, specifically drafting sections discussing the extension of immunity from CES to CEI on the borrowed employee doctrine under both Ohio and Texas law. | 5.50 | 200.00 | 1,100.00 |
| 12/16/2020 | AJ | Conduct legal research into Ohio and Texas case law governing the borrowed employee doctrine and the extension of workers' compensation immunity for purpose of drafting CEI's motion for summary judgment. | 1.70 | 200.00 | 340.00 |
| 12/16/2020 | GRB | Review memo. from A. Jones regarding Ohio case law, and of review case law regarding dual employment issue and workers' compensation immunity. | 0.30 | 275.00 | 82.50 |
| 12/26/2020 | GRB | Continue review and editing of draft CEI's Motion for Summary Judgment. | 1.50 | 275.00 | 412.50 |
| | | Total Fees: | | | 2,865.00 |

Time Allocation Exhibit

Invoice No. 688048

| ID | Name | Personnel Type | Hours | Rate | Amount |
|---|---|---|---|---|---|
| AJ | Jones, Austin | Associate | 9.10 | $200.00 | 1,820.00 |
| GRB | Brown, Gregg R | Principal | 3.80 | $275.00 | 1,045.00 |
| | | | 12.90 /hrs | | $2,865.00 |

# Germer PLLC

P. O. Box 4915
Beaumont, Texas 77704
409-654-6700
Tax ID# 76-0445148

**Invoice No.**
693144

02/17/2021

Continental Express, Inc.
Attn: Kiera M. Sullivan
10450 State Route 47 W.
Sidney, OH  45365

REMIT TO:  Germer PLLC
P.O. Box 4915
Beaumont, Texas 77704

RE: Michael Sewell and Tanya Sewell Individually anf of T.D.M. and (CONEXP-97612)
C.M.S. v. Contintental Express Inc., et al;
Cause No. 236-318755-20; filed in the _____ Court of Tarrant
County, TX
N/A

Invoice for Professional Services rendered through:  01/31/2021

| | |
|---|---:|
| As per Time Exhibit Attached | $1,902.50 |
| Total Costs (as shown below) | $142.02 |
| **Total Invoice** | **$2,044.52** |
| **Total Amount Due** | **$2,044.52** |

| Costs Through | 01/31/2021 | |
|---|---|---:|
| 01/01/2021 | West Payment Center-843653789<br>December 2020 Westlaw Charges | 136.42 |
| 01/06/2021 | Pacer Service Center-2709773Q42020<br>Online research for the period of 10/1/20 - 12/31/20 | 5.60 |
| | **Total Expenses** | **142.02** |

**Time Exhibit**

Re: Morlan, Patrick (Estate of) v. Continental Express, Inc. - NOT IN
Invoice for services rendered through: 01/31/2021

Invoice No.
693144

| Date | Emp | Services | Hours | Rate | Amount |
|------|-----|----------|-------|------|--------|
| 01/04/2021 | AJ | Prepare the affidavit for R. Gottemoeller in support of CEI's motion for summary judgment on its affirmative defense of the workers' compensation exclusive remedy bar. | 1.00 | 200.00 | 200.00 |
| 01/04/2021 | GRB | Receipt and review of CETL equipment least with CEI. | 0.20 | 275.00 | 55.00 |
| 01/04/2021 | GRB | Receipt and review of correspondence from K. Sullivan regarding | 0.10 | 275.00 | 27.50 |
| 01/04/2021 | GRB | Correspondence to K. Sullivan regarding | 0.20 | 275.00 | 55.00 |
| 01/05/2021 | GRB | Review and continue preparation of affidavit of R. Gottemoeller and complete review and editing of Motion for Summary Judgment. | 1.50 | 275.00 | 412.50 |
| 01/05/2021 | GRB | Correspondence to K. Sullivan regarding | 1.50 | 275.00 | 412.50 |
| 01/05/2021 | GRB | Receipt and review of additional changes from K. Sullivan to draft MSJ and draft R. Gottemoeller affidavit, nd incorporate changes into working draft of Motion for Summary Judgment. | 0.30 | 275.00 | 82.50 |
| 01/05/2021 | GRB | Correspondence to K. Sullivan regarding | 0.10 | 275.00 | 27.50 |
| 01/14/2021 | GRB | Receipt and review of correspondence from counsel for Agrana Fruit regarding . | 0.10 | 275.00 | 27.50 |
| 01/14/2021 | GRB | Correspondence to counsel for Agrana Fruit regarding | 0.20 | 275.00 | 55.00 |
| 01/27/2021 | GRB | Receipt and review of correspondence from Agrana Fruit's counsel regarding | 0.10 | 275.00 | 27.50 |
| 01/27/2021 | GRB | Correspondence to K. Sullivan regarding | 0.10 | 275.00 | 27.50 |
| 01/28/2021 | AJ | Review and revise CEI's motion for summary judgment to comply with the local rules for the Northern District of Texas, Fort Worth division. | 0.50 | 200.00 | 100.00 |
| 01/28/2021 | BM | Prepare open records requests to Utah Highway Patrol and Utah Department of Transportation for any records regarding subject accident. | 0.50 | 125.00 | 62.50 |
| 01/28/2021 | GRB | Correspondence to K. Sullivan regarding | 0.10 | 275.00 | 27.50 |

**Time Exhibit**

| Re: Morlan, Patrick (Estate of) v. Continental Express, Inc. - NOT IN | **Invoice No.** |
|---|---|
| Invoice for services rendered through:  01/31/2021 | 693144 |

| Date | Emp | Services | Hours | Rate | Amount |
|---|---|---|---|---|---|
| 01/28/2021 | GRB | Telephone conference with Plaintiffs' counsel regarding potential dismissal and costs. | 0.20 | 275.00 | 55.00 |
| 01/28/2021 | GRB | Telephone conference with K. Sullivan regarding | 0.20 | 275.00 | 55.00 |
| 01/28/2021 | GRB | Correspondence to G. Amis (Plaintiff's counsel) regarding | 0.10 | 275.00 | 27.50 |
| 01/28/2021 | GRB | Receipt and review of GPS data and photos from K. Sullivan. | 0.30 | 275.00 | 82.50 |
| 01/28/2021 | GRB | Correspondence to Agrana Fruit's counsel regarding | 0.20 | 275.00 | 55.00 |
| 01/28/2021 | GRB | Receipt and review of correspondence from Plaintiffs' counsel regarding willingness to dismiss Continental Express entities with prejudice. | 0.10 | 275.00 | 27.50 |

|  |  | **Total Fees:** |  |  | **1,902.50** |
|---|---|---|---|---|---|

## Time Allocation Exhibit

**Invoice No.**
693144

| ID | Name | Personnel Type | Hours | Rate | Amount |
|----|------|----------------|-------|------|--------|
| AJ | Jones, Austin | Associate | 1.50 | $200.00 | 300.00 |
| BM | Martin, Ben | Paralegal | 0.50 | $125.00 | 62.50 |
| GRB | Brown, Gregg R | Principal | 5.60 | $275.00 | 1,540.00 |
| | | | **7.60 /hrs** | | **$1,902.50** |

**<u>CERTIFICATE OF SERVICE</u>**

I, the undersigned counsel, hereby certify that a true and correct copy of the foregoing was forwarded, as indicated below, to all known counsel of record in compliance via CM/ECF with the Federal Rules of Civil Procedure and the Local Rules for the Northern District of Texas on this the 26th day of February 2021.

Avery McDaniel
Garette M. Amis
LAW OFFICE OF AVERY MCDANIEL
1205 North Main Street
Fort Worth, Texas 76164
***Attorneys for Plaintiffs***

Russell E. Wilson
SQUIRES & WILSON
15303 Dallas Parkway, Suite 800
Addison, Texas 75001
***Attorneys for Defendant Agrana Fruit***

_____
Gregg R. Brown